UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                               No.  17 CR 260-LTS

PAUL BRITTON

        Defendant.

-------------------------------------------------------x

### MEMORANDUM DECISION AND ORDER

On July 22, 2020, Defendant Paul Britton moved, pro se, for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) from confinement at Federal Correctional Institution ("FCI") Morgantown (a low security correctional facility in West Virginia) to home confinement in South Carolina. (Docket entry no. 97 (the "Motion").) On April 23, 2020, Mr. Britton had filed an application requesting compassionate release with the Bureau of Prisons ("BOP"), and his application was denied on May 5, 2020. (Motion at 8.) Britton is currently serving a 60-month custodial sentence that was imposed following his plea of guilty to the crime of conspiring to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. section 846, to be followed by four years of supervised release. (Docket entry nos. 50, 57.) The Court promptly appointed counsel to represent Mr. Britton in connection with the application, and counsel filed a supplement to the motion. (Docket entry no. 101).

Mr. Britton argues that compassionate release is warranted because his diabetes and high blood pressure, in conjunction with his age (54 years old), render him particularly susceptible to the grave effects of COVID-19. (See Motion.) He proffers evidence of his good behavior and rehabilitation activity while in custody, as well as details of his arrangements for post-release housing, continuation of medical care, and financial resources. He further proffers

that his wife has a serious chronic medical condition and that release will enable him to provide needed care and support for her.  On July 31, 2020, the Government filed its opposition to Defendant's motion.  (Docket entry no. 102, the "Opposition".)  On August 3, 2020, Defendant filed a reply.  (Docket entry no. 103, the "Reply".)

> Section 3582(c)(1)(A) provides, in relevant part, that:
>
> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-151).  The applicable policy statement provides that extraordinary and compelling reasons exist if, inter alia,

> the defendant is . . . suffering from a serious physical or medical condition, or . . . experiencing deteriorating physical . . . health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

The person seeking compassionate release must also demonstrate that he not a danger to the safety of any other person or the community.  See U.S.S.G. 1B1.13(2) and cmt. N.1. (A)(ii)(I), 1(A)(ii)(III) (U.S. Sentencing Comm'n 2018).  The Government has conceded that Mr. Britton has proffered a factual basis upon which the Court could find that extraordinary and compelling reasons exist within the meaning of section 3582(c)(1)(A).  The Court concurs, and finds that Mr. Britton's diabetes and high blood pressure, combined with his age, constitute extraordinary and compelling circumstances warranting compassionate release in light of the COVID-19 pandemic, specifically due to his heightened personal risk of contracting, and suffering severe

manifestations of, COVID-19, and the consequent need to provide heightened self-care in ways that are not feasible in the prison setting.  See United States v. Gross, No. 15CR769, 2020 WL 1862251, at *3 (SDNY Apr. 14, 2020) ("[N]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for purposes of the policy statement where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19.")  The Government also concedes, and the Court finds, that Mr. Britton has exhausted his administrative remedies under section 3582(c)(1)(A) because more than 30 days have elapsed from the day he submitted his compassionate release application to the warden of his facility on April 23, 2020.  The Court also notes that Mr. Britton has had an unblemished disciplinary record while confined, that he has successfully completed the BOP's drug abuse education program, and he is scheduled to be released to home confinement by no later than March 2021.  (Motion at 5.)

       The Government contends, however, that the 18 U.S.C. section 3553(a) considerations of deterrence and just punishment require denial of Mr. Britton's application for compassionate release.  The Government's Opposition focuses primarily on the quantity of drugs involved in the transactions that Mr. Britton facilitated, and on his past recidivism in conjunction with his history of addiction, arguing that the need for general and specific deterrence outweighs his heightened risk of COVID-19 complications and his recent positive behavior.  The Government characterizes Mr. Britton's underlying criminal activity as significant, submitting that he was brokering large quantities of heroin.  In contrast, Mr. Britton asserts that his role in the underlying criminal activity was minimal, in that he was "merely a mule" who was transporting drugs from one dealer to another.  Both parties agree that Mr. Britton's commission of his crime arose from his own drug addiction and was non-violent.

The Court has considered each of the section 3553(a) factors and finds that the circumstances of the commission of Mr. Britton's crimes, the steps that he has taken to address his control of his addiction and prepare himself for reentry, the disincentive his own medical condition gives him to engaging in behavior that could put him at risk of return to confinement, and his family circumstances in which he is taking on responsibility for the care of his medically vulnerable wife, combined with the harsh and stressful conditions under which he has been confined during the pandemic, are sufficient to address personal deterrence.  Furthermore, the significant proportion of his lengthy sentence that he has served is sufficient to address public deterrence as well.  The considerations of protection of the public and provision of needed treatment in the most effective manner will be served by post release supervision with a special condition of home confinement for nine months, in addition to the conditions previously imposed at his sentencing.

For the foregoing reasons, the Court grants Mr. Britton's motion for compassionate release pursuant to section 3582(c)(1)(A).  Mr. Britton's custodial sentence is hereby shortened to time served and he will be ordered released from BOP custody within fourteen days from the date of this memorandum decision and order, thereby allowing time for verification of his residence and for the necessary arrangements to be made to ensure Mr. Britton's safe travel from Morgantown, WV, to Conway, SC.  The BOP is directed to assist Mr. Britton in making the necessary travel arrangements.  Upon his release, Mr. Britton shall serve the previously-imposed four years of supervised release, subject to the conditions of supervised release set forth in the judgment dated August 6, 2018 (docket entry no. 57), with the additional conditions set forth below:

1. Mr. Britton shall serve the first nine months of supervised release in home detention, to be enforced by a curfew to be determined by the U.S. Probation Office in the District of South Carolina;

2. Mr. Britton shall serve his home detention at the residence identified in his motion for compassionate release, 2376 Cypress Circle, Suite 203, Conway, SC 29526, or a residence that has been approved by the Probation Department;

3. Mr. Britton shall contact Probation Officer Brian Johnson at 843-412-3011, within twenty-four hours after his release;

4. Mr. Britton shall report to the U.S. Probation office at 401 West Evans St., Room 202, Florence, SC, per the direction of U.S. Probation Officer Brian Johnson, but no sooner than 14 days after his release from custody;

5. Mr. Britton must possess or have access to a telephone that will allow video conferencing by the Probation Department; and

6. In light of the COVID-19 pandemic, Mr. Britton must remain at his approved residence except to seek any necessary medical treatment, work, or conduct other necessary activities, in each instance with prior notice to and approval by the Probation Department.

This memorandum decision and order resolves docket entry nos. 97, 101 and 103.

The Court will enter a separate Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

Dated: New York, New York
August 10, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge